**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Marlon T. Holmes,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:13-1635 |
| v. | : | (MANNION, D.J.) |
| | | (BLEWITT, M.J.) |
| **Daniel S. Keen,** *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Pending before the court is a report and recommendation filed by Judge Blewitt on August 13, 2013, to which no objections have been filed. (Doc. No. 9). In his report, Judge Blewitt recommends that plaintiff's Eighth Amendment denial of medical care claim be dismissed with prejudice, that plaintiff's false incident report claims be dismissed with prejudice, that Defendant Warden Daniel S. Keen be dismissed from this action without prejudice, and that Defendant Mike Morrow be dismissed from this action with prejudice. (Id.). Judge Blewitt further recommends that plaintiff be allowed to proceed on his claim of excessive force against Defendant Brian Jones.[1] (Id.).

For the reasons discussed below, the court will **ADOPT IN SUBSTANTIAL PART** Judge Blewitt's report and recommendation. All claims and defendants will be **DISMISSED WITH PREJUDICE,** except CO Jones

---

[1]Additionally, Judge Blewitt recommends that claims for monetary damages against the defendants in their official capacity must be dismissed as contrary to law, and that claims for specific dollar amounts of unliquidated damages must be dismissed pursuant to Local Rule 8.1. The court agrees.

and the Eighth Amendment claim against him, which will be allowed to proceed.

**I. STANDARD OF REVIEW**

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

**II. DISCUSSION**

The plaintiff's claims originate from an incident where he alleges Defendant Jones used pepper spray on him. (Doc. No. 1). The plaintiff contends that in January or February 2013, he visited with Defendant Young and was given a treatment for skin irritation caused by the pepper spray, which has since seen an improvement. (Id.). The plaintiff, however, claims that Defendant Young failed to send him for further treatment of his eyes

which have continued to cause him problems. (Id.). This denial of outside medical treatment by a specialist is the crux of the complaint against Defendant Young. (Id.).

In order to establish an Eighth Amendment claim based upon allegations of denial of proper medical care, an inmate must demonstrate a deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97 (1976). This standard requires both deliberate indifference on the part of the prison officials and a serious medical need on the part of the prisoner. *See West v. Keve, 571 F.2d 158 (3d Cir. 1978)*.

A deliberate action is one which is intentional, requiring the actor to have knowledge of the events attributed to the injury and the ability to control the outcome. "To establish a constitutional violation, the indifference must be deliberate and the actions intentional." *Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir. 1976)*. A mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives, does not support an Eighth Amendment claim. *Farmer v. Carlson, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988)*. *See McCracken v. Jones, 562 F.2d 22, 24 (10th Cir. 1977)*; *Smart v. Villar, 547 F.2d 112, 113 (10th Cir. 1976)*. A medical need is "serious" where it has been "diagnosed by a physician as mandating treatment," or if it is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st*

Cir. 1990) (citing *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347( 3d Cir 1987)), *cert. denied*, 500 U.S. 956 (1991). The Supreme Court has held that negligence or inadvertence alone do not rise to the level of a constitutional deprivation. *Whitley v. Albers*, 475 U.S. 312 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). In *Daniels v. Williams*, 474 U.S. 327, 332 (1986), the Court noted that "lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person." Where a state of mind is relevant, the complaint is inadequate if it merely contains conclusory allegations describing the requisite state of mind such as "intentionally" or "recklessly" without supporting factual allegations. *See generally* *Wilson v. Seiter*, 501 U.S. 294 (1991).

Further, where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, the federal courts are generally reluctant to second guess medical judgment and to constitutionalize claims which sound in state tort law. *See Ellison v. Scheipe,* 570 F. Supp. 1361, 1363 (E.D. Pa. 1983); *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754,762 (3d Cir. 1979); *see also Westlake v. Lucas,* 537 F.2d 857, 860 n.5 (6th Cir. 1976). The key question is whether the defendant has provided the plaintiff with some type of treatment, regardless of whether it is what the plaintiff desired. *Farmer v. Carlson, supra,* 685 F. Supp. at 1339.

The plaintiff's complaint, even liberally construed, does not make out an Eighth Amendment claim for denial of medical treatment because "[m]edical

4

malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* at 106.

Generally, when a complaint "is vulnerable to [Fed. R. Civ. P. 12(b)(6)] dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *Alson v. Parker*, 363 F.3d 229, 235 (2004). The report recommends the plaintiff's Eighth Amendment claims be dismissed with prejudice. Given the allegations in the complaint, it would be futile to allow the plaintiff an opportunity to amend. As such, the Eighth Amendment denial of medical benefits claim will be dismissed with prejudice and Defendant Young will be dismissed from this action.

Turning to Warden Keen, the plaintiff makes no allegation that he was personally involved in any of the actions, save for denying his grievances. He should be dismissed with prejudice given the only theory of liability is *respondeat superior*. (Doc. No. 9). *See Andrews v. Philadelphia*, 895 F.2d 1469, 1488 (3d Cir. 1990) (holding there is no cause of action under a theory of *respondeat superior* available through 42 U.S.C. 1983).

The court also agrees that the false incident report claims against Defendants Morrow and Jones should be dismissed with prejudice. "[A]s long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim." *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002). There is nothing to indicate that the plaintiff suffered any additional damages

as a result of the allegedly falsified reports. (Doc. No. 1). *See id.* at 653-54 (discussing possible due process violation when prison officials use falsified evidence to confine prisoner to solitary confinement for 30 days (citing *Freeman v. Rideout*, 808 F.2d 949 (2d Cir. 1986))). Allowing the plaintiff leave to amend those claims would be futile. As the only claim against Defendant Morrow is related to the filing of allegedly false reports, he will be dismissed from this action with prejudice as well.

Finally, given the allegations against Defendant CO Jones and his use of pepper spray, the court agrees that the plaintiff should be allowed to proceed against him, at this time, on the excessive force claim. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: November 1, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-1635-01.wpd