# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Marlon T. Holmes,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:13-1635** |
| **v.** | : | **(MANNION, D.J.)** |
| | | **(BLEWITT, M.J.)** |
| **Daniel S. Keen, *et al.*,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Marlon T. Holmes is currently an inmate at the Federal Corrections Institution, Minersville, Pennsylvania (FCI-Minersville). He filed this suit approximately one year ago alleging various violations of his constitutional rights. After the vast majority of his claims were dismissed, the court ordered the plaintiff to serve the sole remaining defendant, former Corrections Officer Brian Jones.

In December 2013, the United States Marshals service notified the court it was unable to serve Mr. Jones because the plaintiff provided an incorrect address. The court ordered the defendant to provide a proper address for Defendant Jones, but that order was returned because the plaintiff had failed to advise the court of his new address. On April 22, 2014, the court again gave the plaintiff an additional ten days to provide an updated address for Mr. Jones. This order was also returned for lack of a proper address. When the plaintiff did finally update his address, the court granted the defendant an additional two weeks from May 7, 2014, to provide an address so that the

papers could be served. The plaintiff has now admitted he is unable to locate Mr. Jones. (Doc. 26). Judge Blewitt subsequently filed a report and recommendation, proposing that the plaintiff's claim be dismissed for non-compliance with Federal Rule of Civil Procedure 4(m). For the reasons discussed below and in Judge Blewitt's report, the report and recommendation will be **ADOPTED IN FULL** and the sole claim against Mr. Jones will be **DISMISSED WITHOUT PREJUDICE**.

I.  BACKGROUND

The present action was filed on June 18, 2013. (Doc. 1). In his complaint, the plaintiff alleges a flurry of constitutional violations against various members of the staff of the Franklin County Jail in Chambersburg, Pennsylvania. All of the plaintiff's original claims were dismissed and defendants were terminated from this action, save for a single allegation of an eighth amendment violation against Defendant Jones. (Doc. 16). The plaintiff alleges Defendant Jones used pepper spray on him without any justification.

A summons for Defendant Jones was issued on November 12, 2013 and the U.S. Marshals Service (USMS) attempted to make service upon the defendant. On December 11, 2013, the USMS reported it was unable to serve Defendant Jones because the waiver of service was returned unexecuted. Specifically, Defendant Jones was not available at the address provided by the plaintiff and no forwarding address was known. The case had been

pending for 176 days at that point. The court gave the defendant until December 26, 2013, to provide more specific information so that service could be effected. (Doc. 20). That order was returned as undeliverable because the plaintiff had moved prisons, but had failed to update his address on the docket. The court again granted the defendant an additional ten days from April 22, 2013 to provide more specific information as to Defendant Jones's location so service could be made. (Doc. 22). Again, the order was returned to the court as undeliverable.

Two weeks later, the plaintiff updated his address. (Doc. 24). The court issued a third order requiring the plaintiff provide more accurate information as to where service could be effectuated upon Defendant Jones. (Doc. 25). Judge Blewitt explicitly warned the plaintiff that failure to update the address "will result in a recommendation that the case be dismissed for failure to prosecute." (Id.). The plaintiff responded that the Franklin County Jail would not provide him with an updated address and "cannot reach anyone who may have any whereabouts to Brian Jones." (Doc. 26). As of that filing, it had been 337 days since this suit commenced.

Judge Blewitt filed his report recommending the plaintiff's claims against Defendant Jones be dismissed without prejudice on June 4, 2014. (Doc. 27). The plaintiff has not filed any objections. The issue is now ripe for the court's ruling.

## II.     STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1)*; Brown v. Astrue,* 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper*. Rieder v. Apfel,* 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing United States v. Raddatz,* 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (*citing Henderson v. Carlson,* 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

4

**III. DISCUSSION**

Rule 4(m) requires district courts to dismiss a pending action when a plaintiff fails to timely serve the opposing parties. The rule reads, in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). In order for the court to dismiss the action on its own initiative, the plaintiff must have notice of the court's intent to dismiss so the he may "demonstrate good cause for its failure to comply with the rule's 120 day service requirement." *Liu v. Oriental Buffet*, 134 F.App'x 544, 546 (3d Cir. 2005). When notice is given and the plaintiff provides reasons for his failure to serve the defendant, the court may dismiss the case after considering: "the (1) reasonableness of plaintiff's efforts to serve the original complaint; (2) prejudice to the defendant by lack of timely service; and (3) whether plaintiff moved for an enlargement of time to serve the original complaint." *Spencer v. Steinman*, 968 F.Supp. 1011, 1015 (citing *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir.1995))

As Judge Blewitt discussed in his report, the plaintiff has been afforded numerous extensions so he could provide an accurate address for Defendant

5

Jones. Judge Blewitt also warned the plaintiff that failure to provide an updated address would result in dismissal. (Doc. 25). The plaintiff has notified the court that he has contacted Defendant Jones's former employer, the Franklin County Jail, but has been unable to locate an updated address. Aside from those minimal efforts, the plaintiff was essentially absent from this case from December through May, 2014. He only updated his address after the court provided him, *sua sponte*, additional time to locate Defendant Jones. He has not made any other efforts to locate the defendant, nor taken any other steps to effectuate service. This case is now just over one year old. Given the age of the case, the plaintiff's half-hearted attempts to locate the defendant, and his overall dilatory nature when prosecuting this case, dismissal is appropriate.

Judge Blewitt's report and recommendation is **ADOPTED IN FULL**, the plaintiff's sole remaining claim against Defendant Jones is **DISMISSED WITHOUT PREJUDICE**. An appropriate order shall issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: July 28, 2014**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-1635-02.wpd